TRUSTEES OF THE TOWN OF RICHMOND *v.* WM. J. WALKER.

**Municipal Corporations—Extension of Boundary—Power of Taxation—Police Power.**

By an act of the legislature the boundary of the town of Richmond was extended so as to include the dwelling house and farm lands of appellee, which land was used for agricultural purposes only. There were no streets or lots laid off on this or adjacent lands. The trustees of the town attempted to collect taxes on the property of appellee included in said extensions, which he enjoined.

**Held:** The legislature can extend the boundaries of towns and include adjacent lands, without the consent of the owner, but this extension of territory does not necessarily carry with it the power of taxation. The police authority of the town may extend over the new territory for its own protection.

APPEAL FROM MADISON CIRCUIT COURT.

October 3, 1871.

OPINION BY JUDGE PRYOR:

By an act of the legislature approved January 8, 1868, entitled an act to incorporate and reduce into one all acts in regard to the Town of Richmond, it is provided, "That the Town of Richmond shall include and is hereby declared to be, all the territory lying and being within three quarters of one mile of the court house in said town, and the limits of said town shall extend that distance from the court house in every direction." Walker, the appellee in this case, at the time of the passage of this act owned a farm near the town, containing about three hundred acres, upon which his dwelling house is situated.

The trustees of the town, determining that his house and about sixty acres of his land was within three-quarters of a mile of the court house and therefore within the town limits, had this portion of his land, including the dwelling, assessed for taxation and the marshal of the town, upon the refusal of appellee to pay the tax that had been created by the levy, levied upon appellee's property. The appellee by his petition in equity obtained an injunction enjoining the collection of this tax, and alleges that the trustees had no legal or constitutional right to tax his lands, etc. The allegations of the petition as well as the proof shows that this land is pasture land and used alone for agricultural purposes; that no part of the same was ever included within the boundary of the town until the act of January, 1868, and further, that the appellee received no benefit or advantage from this extension of boundary that he did not have previous to the passage of the law. There is no street or lots laid off, either on or adjacent to appellee's land, and no such increase of population in that part of the town, as would require an extension of police power. It is true that the appellee is a merchant in the town and that his family and the children have the benefits of the schools and churches, but upon the same terms that others have by contributing from his funds for the exercise of these privileges. He has a business house in the town upon which he pays his taxes as the rest of the citizens. The trustees would have the same power to include his whole farm in the town that they have the sixty acres if no part of it was a greater distance than three-quarters of a mile from the court house. The legislature can extend the boundaries of towns and include adjacent lands, without the consent of the owner, but this extension of territory does not necessarily carry with it the power of taxation. Unless this land thus included is laid off into city lots by the owner, and used for town purposes, it cannot be subjected to taxation. *City of Covington vs. Southgate,* 15 *B. Mon.* 498, or as decided by this court in the case of *Sharp, Executor, v. Donlin,* 17 *B. Mon.,* when the population becomes dense in the neighborhood of the extended boundary, with streets, alleys and buildings surrounding it, then the trustees might require the owner to pay tax. There is no analogy, however, between the case last referred to and the one before the court. We perceive no reason why the police au-

thority of the town may not extend in this case over the land embraced within the boundary if necessary for the protection of the town and vicinity, but upon the question of taxation. we think the facts present a clear case of the taking of the private property for public use without compensation, the object of the enactment being to bring revenue to the town, without regard to the rights of the appellee.

Judgment affirmed.

*C. H. Breck, for appellant.*

*Caperton, for appellee.*